<em>Tolland,</em><br>November,<br>1819.<br><br>Hebron<br><em>v.</em><br>Marlborough.

In short, the agreement of the defendants, neither in its words nor object, extends to *Ruth Hutchinson ;* and the supposition is opposed to its explicit provisions. The support of *Moses* and *Ruth* may have been, and undoubtedly was, more than the proportion of the poor devolving on *Marlborough ;* and there is no more ground to construe the contract as extending to *her*, than if an individual had agreed to maintain *Moses Hutchinson.*

The other Judges were of the same opinion, except Peters, J. who gave no opinion, being interested as the owner of real estate in the town of *Hebron*.

Judgment to be entered for defendants.

—◦◦◦—

Scripture *against* Johnson :

IN ERROR.

On a bill to redeem mortgaged premises, the jurisdiction of the court is determined, by the value of the property sought to be redeemed.

*November 3.*

In order to transfer an equity of redemption by execution, the execution must be levied on such equity of redemption, and *that* must be appraised and set off to the creditor ; a levy upon the property mortgaged, the title to which is not in the execution debtor, but in the mortgagee, being ineffectual for this purpose.

A mortgagor, owing a collateral debt to the mortgagee, is not entitled to redeem, without paying such collateral debt, as well as the money charged upon the land.

*Qu.* Whether the taking of *part* of an equity of redemption by execution, constitutes an irredeemable transfer of it, or merely creates an additional incumbrance upon the mortgaged premises ?

This was a bill in chancery to redeem mortgaged premises, brought originally to the superior court.

*Tolland,*
*November,*
*1819.*

Scripture
*v.*
Johnson.

The plaintiff, on the 4th of *January,* 1815, being indebted to the congregational society in *Willington,* gave his note to *Elijah Holt,* their treasurer, for the sum of 50 dollars, payable on demand, with interest, and mortgaged three pieces of land, containing about four and an half acres, of the value of 360 dollars, as security.    On the 7th of *April,* 1817, the society, by their treasurer, assigned the note, and their interest in the mortgaged premises, to *John Johnson;* who afterwards brought ejectment against the plaintiff, recovered judgment, and went into possession under an execution.    In *January,* 1815, the plaintiff was also indebted to *Daniel Johnson,* by bond, in the sum of about 270 dollars; who afterwards put the bond in suit against the plaintiff, and obtained judgment and execution.    This execution he assigned to *John Johnson,* who, on the 5th of *October,* 1816, caused it to be levied on the mortgaged premises; which were appraised under the incumbrance of the mortgage; and a quantity of land, sufficient, at its appraised value, to satisfy the execution, was set off, by metes and bounds, to *Daniel Johnson,* who transferred the title to *John.*    This left about one acre of the mortgaged premises not covered by the execution.

The bill, stating this case, was demurred to; and the court sustained the demurrer; whereupon the plaintiff brought the present writ of error.

*Stearnes,* for the plaintiff, contended,    1. That the value of the mortgaged premises, being more than 335 dollars, gave jurisdiction of the cause to the superior court.  *Wheat* v. *Griffin,* 4 *Day* 419.

2. That the levy of the execution *on the land,* the legal title of which was vested in the mortgagee, did not affect the plaintiff's equity of redemption.

3. That if it did, it only diminished its value, as the whole was not taken; and while a part remained to the mortgagor, he was entitled to redeem the whole, by paying all the money charged upon the estate.  *Franklin* v. *Gorham,* 2 *Day* 142.

*C. Willey,* for the defendant, contended,  1. That " the matter or thing in demand" was the plaintiff's interest in the subject of controversy, which, in this case, was less than 335 dollars, and, of course, the superior court had not jurisdiction of the cause.

2. That by the levy of the execution, and subsequent proceedings under it, so much at least of the plaintiff's interest in the mortgaged premises as the execution covered, was transferred to the defendant. *Punderson* v. *Brown,* 1 *Day* 93. If an equity of redemption can be taken by execution, it must be levied up as real estate; and the law prescribes but one mode of transferring the title to real estate by execution; which is, by causing it to be levied upon, appraised and set off. The *description* of the land, by metes and bounds, can surely do no hurt : land always has metes and bounds.

3. That this point being established, it resulted, as a legal consequence, that the plaintiff had no longer any right to redeem, since an equity of redemption is indivisible. If the defendant acquired any right, he must, from the nature of an equity of redemption, have acquired the whole ; if the plaintiff parted with any right, he must have parted with the whole.

HOSMER, Ch. J. The determination of the superior court, I presume, proceeded on the ground that the debt of *Alpheus Scripture* being less than three hundred and thirty-five dollars, the court had not jurisdiction of the cause. The criterion of jurisdiction was mistaken. The value of the land sought to be redeemed was greater than the sum just mentioned ; and that gave jurisdiction to the superior court.

Stress was undoubtedly laid on the levy of the execution obtained by *Daniel Johnson,* with a view to take the equity of redemption remaining in *Alpheus Scripture :* but, on attention to the mode in which the levy was made, it obviously was not legal. The execution was levied on a certain part of the *land mortgaged,* the legal title to which was not in the execution debtor, but in the mortgagee ; and the land was appraised and set off, as if it had been unincumbered. The execution should have been levied on the *equity of redemption,* and *that* should have been set off to the creditor. *Punderson* v. *Brown,* 1 *Day* 93. There is no doubt as to the right of the plaintiff to redeem the whole of the premises mortgaged ; but as he who will have equity must do equity, it must be on condition not only of paying the sum charged upon the land, but the debt collaterally due to the mortgagee. *Powis* v. *Corbet,* 3 *Atk.* 556. 1 *Mad. Chan.* 424. 2 *Swift's Syst.* 430, 1.

A question has been much agitated in the case, which is not at all involved in its determination, and on which the expres-

*Tolland,*
November,
1819.

Scripture
*v.*
Johnson.

sion of an opinion would, at best, be an *obiter dictum ;* that is, whether the levying on part of an equity of redemption constitutes an irredeemable transfer of the property, or is merely a lien. I refer to the subject, without the intention of discussing it, or giving a decided opinion upon it. I would not have it understood, that, in my judgment, there can exist an essential difference between the appropriation, by execution, of the whole of an equity of redemption, and of part of it. The legal effect, one would think, must be the same, if from the same premises, in law, as in logic, the same must be the result.

The other Judges were of the same opinion, except that CHAPMAN, J. very forcibly expressed his dissent to the doctrine, suggested, by the Chief Justice, on the last point.

Judgment reversed.