### ALLYN and MARSH *against* BURBANK and others.

The levy of an execution upon an equity of redemption gives to the levying creditor an irredeemable estate, discharges the debt and annihilates the relation between the parties as debtor and creditor to the extent of the amount taken by the execution.

Consequently, a creditor who has acquired a right in an equity of redemption, by the levy of an execution, cannot foreclose other creditors, whose executions were subsequently levied on the same equity of redemption.

THIS was a bill of foreclosure, stating the following case. *Jeremiah Graves* having mortgaged the land in question to *William Ely* and *Martin Welles*, to secure debts due to them respectively, it was attached, in *October*, 1829, by *Hugh Gourley*, in a suit against *Graves*, in which suit *Gourley* obtained judgment and execution ; and, on the 27th of *May*, 1830, by the levy of such execution, he acquired a title to such proportion of the equity of redemption in said land as his debt bore to the amount of the prior incumbrances. On the 9th of *October*, 1829, the plaintiffs attached the same land, and having obtained judgment and execution, on the 27th of *August*, 1830, had such execution levied thereon, whereby they acquired a title to such proportion of the equity of redemption as their debt bore to the amount of the mortgages to *Ely* and *Welles* and the execution of *Gourley* ; and thus, as the bill alleged, the plaintiffs acquired a lien upon the equity of redemption. Afterwards, *David Burbank, Peter Morton, Charles Boswell*

*Hartford,*
*June, 1832.*

*Allyn*
*v.*
*Burbank.*

and *Horatio Stebbins,* creditors of *Graves,* severally levied executions on the remaining equity of redemption, and procured it to be set off to them respectively, in satisfaction of their demands. The bill sought to foreclose all those creditors, who had acquired a title subsequent to the levy of the plaintiffs' execution, *viz. Burbank, Morton, Boswell* and *Stebbins.*

To this bill there was a demurrer; and in this state, the case was reserved for the advice of this Court.

*N. Smith,* in support of the demurrer, contended, That the plaintiffs and defendants were tenants in common of the equity of redemption; and the plaintiffs could no more foreclose the defendants, than the latter could the former. *Punderson* v. *Brown,* 1 *Day* 93. *Franklin* v. *Gorham,* 2 *Day* 142. *Scripture* v. *Johnson,* 3 *Conn. Rep.* 211. 213, 4. The question involved in this case, was decided, in 1817, in *Hartford* county, by three judges. What a creditor gets by the levy of an execution, is not a redeemable estate. The levy does not operate as a new mortgage; but the right of the mortgagor is so far extinguished forever. *Graves* can never redeem any of the levying creditors. Their debts are satisfied.

*Hungerford,* contra, insisted, That a creditor levying an execution upon an equity of redemption takes as a subsequent incumbrancer. *Franklin* v. *Gorham,* 2 *Day* 142. *Tingley* v. *Breed,* in superior court, *New-London* county, 1828, cor. *Hosmer,* Ch. J. 2 *Swift's Dig.* 184.

DAGGETT, J. From the facts stated in the bill, it is very apparent, that the plaintiff's title is only an equitable one. It may well be doubted whether such a title ever gives a right to foreclose. He who has the legal estate, upon principle, should be permitted to bar the equitable title by foreclosure; and he who has the equitable title may call for the legal estate upon payment of what is due to him or them in whom the legal title is vested.

But this objection has not been taken at the bar, on the trial of this cause; and it is also the practice of our courts to foreclose, in certain cases, upon the mere equitable title.

The defendants insist, that the plaintiffs cannot foreclose them. They say, that upon the principle that these plaintiffs can demand of them payment of their debt, or to be foreclo-

sed of all right, they could call on the plaintiffs and make the same demand. Hence the question presented to this Court for advice, is, whether one of any number of creditors who have obtained a lien on an equity of redemption, by levy of an execution, can foreclose other creditors standing also upon a levy of execution. The plaintiffs say, that they are to be considered as subsequent mortgagees: the defendants say, that their condition is that of levying creditors, and of course, not that of subsequent mortgagees.

This question was settled, by this Court, in the case of *Punderson* v. *Brown*, 1 *Day*, 92. There it was decided, that the levy of an execution upon an equity of redemption gave to the creditor all the rights of the mortgagor in the premises; and that it became, by the levy, an irredeemable estate. The Court, in giving their opinion, say, that the levy of an execution upon an equity of redemption does not operate like a second mortgage: that it discharges the debt, and does not leave the creditor still a creditor, but annihilates the relation between the parties as debtor and creditor to the extent of the amount taken by the execution. But the plaintiffs now insist, in opposition to those principles, so just, and which are founded upon our statute, that the defendants are to be treated as mortgagors; that of course, their debts are still outstanding;—that a lien only is created, by the levy, liable to be satisfied, by the payment of the sum for which the estate was taken; and that the plaintiff's debt is also still due; and that the only effect of his levy is a lien or security like a mortgage. Surely, there is no foundation for this doctrine in our statute, authorizing the levy of executions in satisfaction of debts, nor in any practice under that statute. The doctrine of *Punderson* v. *Brown*, so far as I have any knowledge of the practice of our courts on this subject, has been considered as the settled doctrine in *Connecticut*. It was incidentally recognized, in *Scripture* v. *Johnson*, 3 *Conn. Rep.* 211. and has been frequently adopted in the levy of executions on this species of property.

The plaintiffs, however, rely on what was said, by this Court, in their opinion in *Gorham* v. *Franklin*, in 2 *Day* 142. By adverting to that case, it will be seen, that the only principle decided by the Court, was, that a mortgagor, or one standing in his place, by levy of an execution, could not redeem *a part* of the mortgaged property, by paying *a part* of the money due on the mortgage, but must pay the whole. This is a very clear

*Hartford,*
*June, 1832.*

Allyn
*v.*
Burbank.

*Hartford,*
*June, 1832.*

*Allyn*
*v.*
*Burbank.*

principle, applicable to this subject, and was doubtless correctly applied. It was not necessary for the Court to consider the question now made; nor would any opinion of the Court on this question have been otherwise than *obiter*.

It is strange, that the Court, in giving their opinion, should be deemed to have over-ruled the decision in *Punderson* v. *Brown*, made only two years before; and especially, as it is not mentioned or adverted to, in that opinion.

On these principles, the plaintiffs' bill is insufficient; and the superior court should be advised, that the demurrer is well taken.

The other *Judges* were of the same opinion.

Demurrer to be sustained and bill dismissed.