# The Western Union Telegraph Company

*v.*

# Herman Lieb *et al.*

1. Taxation—*foreign corporations doing business in this State.* The legislature has the power to impose taxation upon foreign corporations to whatever extent it may, in its discretion, choose, as the condition upon which they shall be allowed to exercise their franchises and privileges in this State.

2. Same—*capital stock of foreign corporation not taxable under act of 1872.* Under the provisions of the "Act for the assessment of property and for the levy and collection of taxes," in force July 1, 1872, the State Board of Equalization have no authority of law to assess the capital stock of foreign corporations doing business and exercising their franchise in this State, that act only giving power to make such assessments in respect to corporations created by or under the laws of this State.

Appeal from the Circuit Court of Cook county; the Hon. William W. Farwell, Judge, presiding.

This was a bill in chancery, by the appellant, against Herman Lieb, county clerk, and H. B. Miller, collector of Cook county, to enjoin the extension and collection of taxes upon the capital stock of the company, including its franchise. The court sustained a demurrer to the bill and dismissed it, from which decree the complainant appealed.

Messrs. Williams & Thompson, for the appellant.

Mr. James K. Edsall, Attorney General, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

The Western Union Telegraph Company is a foreign corporation, deriving its existence from the laws of the State of New York, but owning, operating and controlling lines of telegraph in this State. We fail to find any statute under the provisions of which it can be said it is, even constructively,

incorporated under the laws of this State. We are, therefore, compelled to assume that it is, in theory as well as in fact, a foreign corporation, exercising its franchises and privileges in this State by comity only.

There can be no doubt of the power of the legislature to impose taxation on such corporations to whatever extent it may, in its discretion, choose, as the condition upon which the corporation shall be allowed to exercise its franchises and privileges in this State. *Ducat* v. *Chicago*, 48 Ill. 172 ; *Paul* v. *Virginia*, 8 Wallace, 168.

The Board of Equalization assessed the capital stock, including the franchise of this company, for taxation for the year 1873, at $1,168,394, and the only question now before us is, does the "Act for the assessment of property and for the levy and collection of taxes," in force July 1, 1872, authorize this assessment?

We have held, at the present term, in *Porter et al.* v. *The R. R. I. and St. L. R. R. Co., post*, p. 561, that the Board of Equalization is empowered to assess for taxation the capital stock of such corporations as are created by or under the laws of this State, and that shares of stock in such corporations are not liable to be assessed for taxation ; but that persons residing in this State, owning shares of stock in corporations created by the laws of other States, must be taxed on the value of such shares. The necessary implication from this would seem to be conclusive of the question, unless there is something in the act referred to placing telegraph companies on a different footing in this respect from that of other corporations.

After a careful examination of the different sections of the act bearing upon the question, we are unable to find any provision which shows that telegraph companies are regarded in anywise differently, for the purpose of taxation, from other corporations.

It is true, by section 53, "any person, company or corporation using or operating a telegraph line in this State," is

required to make returns to the Auditor, which are, manifestly, for the purpose of determining the value of the capital stock; and returns are, by section 54, required to be laid by the Auditor before the Board of Equalization, which is directed to assess the capital stock of such companies in the manner therein provided. But the only mode in the act provided by which such assessment can be made, is that provided for assessing the capital stock of all corporations created by or under the laws of this State.

The 108th section directs that the State Board of Equalization shall "assess the capital stock of each company or association, respectively, *now or hereafter incorporated under the laws of this State,* in the manner hereinbefore in this act provided." And that this was intended to include telegraph companies is clear, from the concluding portion of the section, which requires that "the respective assessments so made, other than of the capital stock of railroad and telegraph companies, shall be certified by the Auditor," etc.

The 110th section prescribes how the aggregate amount of capital stock of railroad or telegraph companies assessed by said board shall be distributed. The manner in the act before provided for assessing capital stock, is found in the fourth clause of section 3, in these words: "The capital stock of all companies and associations, *now or hereafter created under the laws of this State, shall be so valued* by the Board of Equalization as to ascertain and determine, respectively, the fair cash value of the capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association." And in section 1, which declares what property shall be taxed, the third clause includes "the capital stock of companies and associations incorporated under the laws of this State."

We are unable to find any authority in the act for assessing the capital stock of companies and associations doing business in this State, but incorporated under the laws of another State. The care manifested by the legislature, wherever any

allusion is made to the assessment of capital stock, to limit it to corporations created by or under the laws of this State, is so clear and positive that no doubt can well exist as to the purpose intended.

If it shall be thought necessary to tax such corporations otherwise than upon their tangible property, additional legislation expressly authorizing such taxation must be had.

The assessment upon the capital stock of appellant is unauthorized by law, and the collection of the tax levied upon it must be enjoined.

The decree of the court below is reversed and the cause remanded, with direction to that court to enter a decree perpetually enjoining the collection of so much of appellant's taxes as is assessed upon its capital stock.

*Decree reversed.*