## POSTAL TELEGRAPH-CABLE COMPANY

### v.

## FRANK E. BARNARD, COLLECTOR, ETC.

*Injunctions—Taxes—Corporations—Foreign—Domestic—Capital Stock and Franchise—Levy and Sale.*

1. It is the duty of a foreign telegraph company leasing the line of a company organized under the laws of and doing business in this State, to return to the auditor of public accounts as regards the latter company, the schedule or statement required by Sec. 53 of the Revenue Act, Chap. 120, R. S. Upon failure to do so it would seem that an assessment made on the capital stock and franchise of the lessor company by the proper officers would authorize a tax collectible from the lessee company.

2. Where in such a case it appears that the capital stock assessed is of the lessee instead of the lessor company, the assessment can not be sustained.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Appellant applied for an injunction on the following bill, which was sworn to and filed in the Circuit Court:

"The complainant, the Postal Telegraph-Cable Company, respectfully represents to the court that it is, and for more than four (4) years last past has been, a corporation, organized and

doing business under the laws of the State of New York, with a capital stock of five millions of dollars ($5,000,000), having its principal office and place of business in the city of New York, and that it is not now and never has been organized or incorporated under the laws of the State of Illinois.

"Complainant further avers that for more than four years last past it has been, and still is, operating a system of telegraph lines and engaged in the transaction of a telegraph business throughout the United States, its lines extending from the city of New York, and various Eastern cities, to the city of Chicago, and various points in the States west of the Mississippi river; that the lines so operated by complainant in the State of Illinois, and which are owned by the complainant, consist of a line of telegraph extending from the city of Chicago eastward to the Indiana State line, and thence eastward to the various cities upon the Atlantic seaboard, together with a line of telegraph extending from the city of Chicago southwesterly through the State of Illinois to the city of St. Louis, in the State of Missouri; that in addition to the lines so owned and operated by complainant in the State of Illinois, it also operates a line of telegraph owned by the Board of Trade Telegraph Company, which is a corporation organized under the laws of the State of Illinois, which line extends also from the city of Chicago southwesterly through the State of Illinois, to the city of St. Louis, in the State of Missouri; that said last named line is operated by complainant under a lease executed between said Board of Trade Telegraph Company, as lessor, and complainant, as lessee, bearing date December 29, 1886, whereby the said lessor leased said line to complainant for the period of one year from the first day of November, 1886, at an annual rental of five thousand dollars ($5,000), with the right to either party to such lease to terminate the same by giving thirty days' written notice; that complainant has continued to operate said last named line under such lease, from its execution to the present time, holding over from year to year by consent of both parties thereto, and paying to said Board of Trade Telegraph Company the annual rental of $5,000 for the use of said line; that during

each of the years of its operation of the lines aforesaid, including its own and the line so leased, as above set forth, complainant has paid all taxes and assessments which have been levied or assessed upon said lines and tangible property by the various counties and towns in the State of Illinois, through which the same pass, and is continuing to pay all such taxes and assessments from time to time as the same are due.

" Complainant further avers that in the year 1889 it made due return to the assessor for the town of South Chicago, which is a municipal corporation existing under the laws of the State of Illinois, of its personal and tangible property, situated in said town, in the county of Cook, the same being returned at four thousand dollars ($4,000); that the same was equalized by the State Board of Equalization at five thousand four hundred dollars ($5,400); that the county clerk, for the county of Cook, has extended the tax thereon in accordance with the rate as fixed by the State Board of Equalization, and has issued his warrant for the collection thereof to Frank E. Barnard, who is the duly elected and acting collector of the said town of South Chicago.

" Complainant further shows, that being advised that it was not liable for taxation upon its capital stock and franchises in the State of Illinois, it made no return thereof for the year 1889, or for any preceding year; that the county clerk of said Cook county has, nevertheless, extended a tax upon the capital stock and franchise of complainant, upon an assumed valuation of five thousand dollars ($5,000), and has issued his warrant to said collector for the collection thereof. And complainant is advised by counsel, and believes and so states the fact to be, that being a non-resident corporation, deriving its franchise from the State of New York, in which State it is incorporated, and having never been incorporated under the laws of the State of Illinois, it is not liable to taxation upon its capital stock and franchise in the State of Illinois, and that the tax so levied upon the capital stock and franchise of complainant was and is wholly void, and that said collector has no lawful authority to enforce or collect the same.

" Complainant further avers that it made no return of the capital stock or franchise of said Board of Trade Telegraph Company, for taxation for the year 1889, and is informed and believes that said last named company likewise made no return of its capital stock and franchise for taxation for said year, and that, as complainant is informed and believes, no assessment upon, or valuation of such capital stock and franchise of the said Board of Trade Telegraph Company was made by the said Board of Equalization for the year 1889, and that the auditor of public accounts of the State of Illinois did not certify or return the capital stock and franchise of said last named company to the county clerk of Cook county, for taxation, for the year 1889, and that said last named company is not included in the list of corporations certified by said auditor to said county clerk for taxation upon their capital stock and franchise for said year.

"Complainant further avers that the manner in which the tax so levied upon its personal and tangible property, and upon its capital stock and franchise, as hereinbefore set forth, as extended upon the tax warrant issued by the county clerk of Cook county to said collector, is more fully shown in a transcript from said warrant, marked "Exhibit A," which is hereto annexed, and to which reference is hereby made, and the same is made a part hereof.

" Complainant further avers that the amount of the tax so lawfully levied upon its tangible property for the year 1889, and extended upon the warrant to the said collector, is the sum of two hundred and eighty-nine dollars and seventy-two cents ($289.72), and that the amount of the tax so unlawfully levied upon the capital stock and franchise of complainant, and extended upon the warrant to said collector, is the sum of two hundred and sixty-eight dollars and twenty-five cents ($268.25). And complainant shows here to the court that it has tendered to the said Frank E. Barnard, as such collector, the said sum of two hundred and eighty-nine dollars and seventy-two cents ($289.72), being the amount of tax so lawfully due from complainant upon its tangible property as aforesaid; but said collector has declined and refused to receive

the same, and demands and insists that complainant shall also
pay said sum of two hundred and sixty-eight dollars and
twenty-five cents ($268.25), being the amount of tax so unlaw-
fully levied upon the capital stock and franchise of complain-
ant, as above set forth; and complainant is still willing and
hereby offers to pay the said sum of two hundred and eighty-
nine dollars and seventy-two cents ($289.72), being the amount
of tax so lawfully assessed upon its tangible property as set
forth.

" Complainant further avers that said collector threatens,
unless payment is immediately made of said entire tax, includ-
ing the amount so unlawfully levied upon its capital stock and
franchise, that he will levy upon and sell the property of com-
plainant in satisfaction thereof. And complainant shows here
to the court, that such levy and sale would greatly injure and
would substantially destroy the business of complainant in
said city of Chicago, where it maintains a large central and
distributing office; that it would absolutely cut off and destroy
the facilities of complainant from transacting its usual busi-
ness between all points east of Chicago, and points west and
southwest of said city, as well as between Chicago and all
points east and west thereof, and would operate as a continu-
ing and irreparable injury to complainant, which could not be
redressed in an action for damages at law, and that unless the
said collector is restrained from making such levy and sale, he
will proceed forthwith to make the same, to the great injury
of complainant, as above set forth.

" Wherefore, complainant makes the said Frank E. Barnard,
as collector of the town of South Chicago, defendant hereto,
and prays that he may be required to answer this bill of com-
plaint, but without oath, his answer under oath being hereby
expressly waived; that in the meantime, and until the further
order of the court, the said Frank E. Barnard, as such col-
lector, his agents, servants and employes, be enjoined and
restrained from collecting the said sum of two hundred and
sixty-eight dollars and twenty-five cents ($268.25), being the
amount of tax so unlawfully levied upon the capital stock and
franchise of complainant for the year 1889, and from making

any levy or distraint upon the property of complainant for the amount thereof, and from in any manner demanding, receiving or collecting the same from complainant; that upon the final hearing it may be adjudged and decreed that the tax so levied upon the capital stock and franchise of complainant is illegal and void, and that such injunction may be perpetuated; that a summons may issue out of and under the seal of this honorable court, directed to the said Frank E. Barnard, as collector of the town of South Chicago, commanding him to appear upon a day therein named, and to abide the decree of the court in the premises; and that complainant may have such other and further relief as the nature of the case may require and to equity may seem meet; and complainant will ever pray, etc.

"POSTAL TELEGRAPH CABLE-COMPANY,
"By J. L. High, its Solicitor."

"EXHIBIT A.

| Name. | No. of Street. | Assessed Valuation. |
|-------|----------------|---------------------|
| Postal Telegraph Cable Co. | Corner Clark & Jackson Sts. | $4,000. |

| Equalized Valuation. | Assessed Valuation of Cap. stock and franchise of Corporation. | Total Valuation and Equalized. |
|----------------------|------------------------------------------------------------------|--------------------------------|
| $5,400. | $5,000. | $10,400." |

To the bill a general demurrer for want of equity was filed, which was sustained and the bill dismissed. From said order the appeal is prosecuted.

Mr. JAMES L. HIGH, for appellant.

Mr. GEORGE A. GIBBS, for appellee.

MORAN, J. It was expressly determined by the Supreme Court in Western Union Telegraph Company v. Leib, 76 Ill. 172, that the Revenue Act of March 30, 1872, Chap. 120, R. S., confers no authority to assess or tax the capital stock and

franchise of a foreign corporation doing business within this State.

After discussing and construing the various sections of the statutes relating to the subject, the court said: " We are unable to find any authority in the act assessing the capital stock of companies and associations doing business in this State, but incorporated under the laws of another State. The care manifested by the Legislature, whenever any allusion is made to the assessment of capital stock, to limit it to corporations created by, or under the laws of this State, is so clear and positive, that no doubt can well exist as to the purpose intended. If it shall be thought necessary to tax such corporations otherwise than upon their tangible property, additional legislation expressly authorizing such taxation must be made."

The allegations of the bill show that complainant was, during the year 1889, operating under a lease a telegraph line in the State of Illinois, owned by the Board of Trade Telegraph Company, a corporation organized under the laws of this State, and that complainant pays all taxes and assessments levied on the tangible property of said Board of Trade Telegraph Company, by the various counties and towns in the State through which said line passes, and that complainant made no return of the capital stock and franchise of the said Board of Trade Telegraph Company for taxation for the year 1889, and no assessment upon, or valuation of such capital stock and franchise of said company was made by the board of equalization for the year 1889, and the auditor of public accounts did not certify the capital stock of said company to the county clerk of Cook county for taxation for said year.

Sec. 53 of the Revenue Act directs that, "Any person, company or corporation using or operating a telegraph line in the State, shall, annually, in the month of May, return to the auditor of public accounts a schedule or statement" of the amount of capital stock authorized, the amount paid up, the market or actual value, etc.

We are of opinion that it was the duty of complainant, as it was using and operating the line of the Board of Trade Company, to return to the auditor the schedule or statement

required by said section, and as it failed to do so, an assessment made on the capital stock and franchise of the said Board of Trade Telegraph Company, by the proper officers, might well authorize a tax which would be collectible from complainant.

If, therefore, it appeared that the capital stock and franchise mentioned in Exhibit "A" was the capital stock of said Board of Trade Company, or if in fact it did not clearly appear from the context that it was not the capital stock of said corporation, we should be disposed to affirm the order of the Circuit Court denying the injunction. But in our opinion it clearly appears from said Exhibit "A" that the capital stock assessed was not that of the Board of Trade Company, but was the capital stock of the complainant corporation. Assessment on complainant's own stock can not be sustained as a penalty for its failure to return the stock of the Board of Trade Company in accordance with the provisions of Sec. 53, *supra*. The assessment on the capital stock as it appears in the warrant is without authority of law. Courts should no doubt be astute to prevent corporate and other property from escaping its share of the burden of taxation, but are not warranted in going so far as to do violence to language to avoid the consequences of negligence on the part of the taxing authorities of the State or county.

The decree dismissing the bill must be reversed and the case remanded with directions to restrain the collection of the sum of $268.25, portion of the tax in said warrant, being the amount of tax levied upon the capital stock and franchise of complainant for the year 1889.          *Decree reversed.*

GARY, P. J. I dissent on the ground that as the opinion of Judge Moran shows, the appellant has neglected its duty to make a statement to the auditor of the affairs of the Board of Trade Company, upon which statement, if it had made it, taxes presumably would have been levied. Such taxes, it is inferable from the bill of the appellant, it, by contract with the Board of Trade Company, would have been bound to pay. True, a court of equity inflicts no penalties, but it will not relieve from them except upon equitable terms. Upon this stood the old law as to mortgages.

On a bill to foreclose, the mortgage debt only would be regarded; but on a bill to redeem, applying the principle that he who seeks equity must do equity, redemption would not be allowable upon payment of the mortgage debt only, but the mortgagor must also pay other debts owing by him to the mortgagee. I do not go into details as to kind of debts and circumstances. 2 Greenleaf's Cr. on Real Prop., side pages, 106–112; Scripture v. Johnson, 3 Conn. 211; Chase v. McDonald, 7 Har. & John. 160.

I think, therefore, the appellant is required to make a reasonable showing of what the burden upon it would have been if it had performed its duty, and offer to discharge that before it can ask a court of conscience for relief.