(No. 25466.—

ABRAHAM S. HART *et al.* Trustees, Appellants, *vs.* JOHN TOMAN, County Collector, Appellee.

*Opinion filed February 21, 1940—Rehearing denied April 12, 1940.*

WILSON, C.J., and MURPHY, J., dissenting.

ROSENTHAL, HAMILL, ELDRIDGE & KING, (GEORGE W. GALE, of counsel,) for appellants.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, MARSHALL V. KEARNEY, and WILLIAM P. KEARNEY, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Cook county dismissed for want of equity a complaint for an injunction against appellee to restrain the collection of 1938 taxes assessed on 30,500 shares of capital stock of Hart, Schaffner & Marx, a New York corporation, held by appellants as trustees of the Max Hart Stock Trust, and 30,097 shares held by them as trustees of the Harry Hart Stock Trust. Inasmuch as the revenue is involved an appeal has been prosecuted directly to this court.

It is agreed that 97.7901% of all the tangible property of the corporation was located in Cook county and was assessed there for the year 1938. Appellants claim that because of that assessment, and the proviso in subdivision 4 of section 3 of the Revenue act of 1872, as then in force, (Ill. Rev. Stat. 1937, chap. 120, par. 3,) the shares of capital stock held by them were not assessable. Section 3 provides: "Personal property shall be valued as follows: First: All personal property, except as herein otherwise directed, shall be valued at its fair cash value. * * * Fourth: The capital stock of all companies and associations now or hereafter created under the laws of this State [with exceptions not pertinent here] shall be so valued * * * as to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise over and above the assessed value of the tangible prop-

erty of such company or association; * * * Provided, that in all cases where the tangible property or capital stock of any company or association is assessed under this act, the shares of capital stock of such company or association shall not be assessed or taxed in this State." Appellee claims the proviso is appositive to the preceding clause in subdivision 4 relating to domestic corporations, and does not apply to non-resident corporations. The issues necessitate a consideration of other sections of the Revenue act.

Section 1 of the act provides: "That the property named in this section shall be assessed and taxed except so much thereof as may be, in this act exempted: First: All real and personal property in this State. Second: All moneys, credits, bonds or stocks and other investments, the shares of stock of incorporated companies, and associations, and all other personal property, * * * used, held, owned, or controlled by persons residing in this State. * * * Fourth: The capital stock of companies and associations incorporated under the laws of this State," with exceptions not pertinent here.

Section 6 provides: "Personal property shall be listed in the manner following: First—Every person * * * shall list all his * * * bonds or stocks, shares of stock of joint stock or other companies (when the capital stock of such company is not assessed in this State) * * * and other personal property."

It is first to be noticed that section 3, except the proviso, relates to a different subject than sections 1 and 6. Sections 1 and 6, and the proviso to section 3, relate to the assessment of personal property. Section 3, except the proviso, relates not to assessment, but to valuation for assessment purposes. The proviso is not confined to property mentioned in section 3 and does not deal with the subject of valuation, but specifically refers to tangible property or capital stock "assessed under this act," which can mean nothing but the act as a whole, and nothing but property

"assessed," not the property merely valued for assessment Subdivisions 1 and 2 of section 1 are broad enough to include the assessment of tangible personal property of a non-resident corporation. Subdivision 4 of section 1 provides for assessing the capital stock of domestic corporations. Under these facts, there is no room to say the legislature intended the proviso to relate only to the preceding clause of subdivision 4. The intention to make the proviso applicable to the capital stock or tangible personal property of any corporation, domestic or non-resident, which is assessed under the act is so manifest as to need no further discussion. In such a case it will be given that effect. *Henderson Loan and Real Estate Ass'n,* v. *People,* 163 Ill. 196; *Hackett* v. *Chicago City Railway Co.,* 235 id. 116.

The next question is whether the proviso applies in a case where only the tangible personal property in this State of a non-resident corporation is assessed under the Revenue act. Appellee claims the proviso does not apply except where all the values represented by the shares of stock are assessed in this State in the hands of the corporation, and that, in this case, some of such values represent property outside of, and which has not been assessed in, this State. He cites *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, *Ottawa Glass Co.* v. *McCaleb,* 81 id. 556, *Central Illinois Public Service Co.* v. *Swartz,* 284 id. 108, and *Republic Life Ins. Co.* v. *Pollak,* 75 id. 292. The following expressions in those cases are relied upon by appellee: In the *Porter case* it is said: "It is sufficient that it is competent for the legislature to exempt shares of stock from taxation where all the values they represent are taxed in the hands of the corporation." In the *Ottawa Glass Co. case,* after referring to clause 4 of section 3, it is said: "Thus it is seen that the shareholders, under this provision, escape taxation on their individual shares, when the company lists

their tangible property as capital stock." In the *Central Illinois Public Service Co. case* it is held: "The proviso in clause 4 of section 3 * * * means only that where the property of a corporation has been assessed as a whole to the corporation, the shareholders shall not be assessed upon their respective interests in the corporation." In the *Republic Life Ins. Co. case* it is said: "The exemption of the shares depends upon the assessment of the capital stock." Each of those cases involved the right to tax the capital stock of a domestic corporation, and each of them was a suit by the corporation against taxing officials. None of them involved the right of a stockholder in shares of a non-resident corporation to an exemption where the tangible personal property of the corporation was assessed in this State. It follows that they are not applicable here. The expression in the *Porter case* that "When, therefore, the corporation is created by the laws of this State, its capital stock must be taxed, and the shares of stock are exempt, but when a resident of this State owns shares of stock in a corporation created by the laws of another State, his shares of stock therein must be taxed" was used as a general statement, distinguishing the ordinary rights of stockholders in domestic and non-resident corporations, without any reference to the proviso in section 3, and is not to be taken as holding that resident stockholders of shares in a non-resident corporation must, in all cases, pay taxes in this State on their holdings. The proviso must be considered in connection with the general statement.

While the capital stock of a domestic corporation is assessable under subdivision 4 of section 1, the capital stock of a non-resident corporation can not be assessed in this State. (*Western Union Telegraph Co.* v. *Lieb,* 76 Ill. 172; *Wheelock, Lovejoy & Co.* v. *Gill,* 366 id. 378.) It is not controverted that the tangible personal property in this State of a non-resident corporation is assessable under the Revenue act. The first subdivision of section 1

provides for the assessment of "all real and personal property in this State." Consequently, if any personal property of a non-resident corporation is not in this State, it is not subject to assessment or taxation, because property over which the sovereign power of the State does not extend, cannot be made the subject of taxation. (*Maxwell* v. *People,* 189 Ill. 546; *Dutton* v. *Board of Review,* 188 id. 386.) It is to be noticed that the language of the proviso in controversy is in the disjunctive. As to domestic corporations it was unnecessary that tangible personal property be mentioned in the proviso, because all the property of a corporation is represented in its capital stock. (*Central Illinois Public Service Co.* v. *Swartz, supra.*) The provision as to capital stock applies to domestic corporations only, because the capital stock of a non-resident corporation cannot be assessed in this State. This leaves the provision as to tangible personal property applicable only to non-resident corporations. The proviso does not refer to all the tangible personal property of a corporation, wherever situated, but is expressly confined to tangible personal property assessable under the act, which can be only such tangible personal property as is in this State. Therefore, the contention that the proviso is not applicable to the facts in this case cannot be upheld. The corporation was assessed upon all tangible personal property that is assessable under the act, and so comes within the terms of the proviso. Appellee's claim that the valuation fixed by the assessment is far below the actual assessable value has no bearing on the issues. The question is whether the corporation's tangible personal property is assessed and not whether it is correctly valued.

There being no issue of fact in the case, the decree of the circuit court is reversed and the cause is remanded, with directions to grant the injunction as prayed.

*Reversed and remanded, with directions.*

WILSON, C.J., and MURPHY, J., dissenting.